IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **PIPER A. ROUNTREE,** | ) | |
| Plaintiff, | ) | Case No. 7:18CV00567 |
| v. | ) | FINAL ORDER AND JUDGMENT |
| | ) | |
| **ERIC ALDRIDGE, et al.,** | ) | By:  Hon. Glen E. Conrad |
| Defendants. | ) | Senior United States District Judge |

The pro so plaintiff, Piper A. Rountree, is an inmate in the custody of the Virginia Department of Corrections ("VDOC"), currently confined at Fluvanna Correctional Center ("Fluvanna").  Rountree filed this civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., suing various VDOC employees for alleged violations of her rights to freely exercise her religion—Buddhism.  The court granted summary judgment for defendants on several claims, but denied summary judgment as to Rountree's claims for prospective relief regarding the denial of Vesak holiday celebrations and changes to the Buddhists' weekly group service time.  The court then referred the remaining claims to United States Magistrate Judge Pamela Meade Sargent, pursuant to 28 U.S.C. § 636(b)(1)(B).

Judge Sargent conducted a bench trial in August of 2020, via video conferencing, and subsequently filed a report and recommendation.  On the evidence presented, she made findings of fact that:

1. Prior to the suspension of religious group meetings due to the COVID-19 pandemic, the Buddhist group meetings at Fluvanna were returned to Sunday afternoons [the day and time Rountree had requested];

2. Buddhist offenders at Fluvanna were allowed to celebrate Vesak in 2019 with a group meal and service;

3. Statewide VDOC policy recognizes that, going forward, Buddhist offenders at Fluvanna should be allowed to celebrate Vesak with a meal and group service; and

4. Therefore, Rountree's claims for prospective injunctive relief [ordering defendants to schedule the Buddhist group meetings on Sunday afternoons and to allow the Buddhists to celebrate Vesak with a meal and service] are moot.

Report 27-28, ECF No. 104.  Under applicable law, Judge Sargent found that no active case or controversy remained before the court.  Id. at 26-27 (citing Incumaa v. Ozmint, 507 F.3d 281, 285-86 (4th Cir. 2007)).  Based on these findings, she recommended the conclusion that Rountree's remaining requests for injunctive relief are moot and that "there is no evidence before the court to establish any 'real threat of future violation' necessitating the entry of injunctive relief."  Id. at 27 (internal quotation marks and citation omitted).  Therefore, she recommended that the court enter judgment for defendants.

The parties were advised of their right to file written objections to Judge Sargent's report and recommendation.  The time for so doing has lapsed, and neither party has filed objections.  The court is satisfied that there is no clear error on the face of the record.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  Accordingly, it is hereby

**ADJUDGED AND ORDERED**

that the report and recommendation, ECF No. 104, is **ADOPTED IN ITS ENTIRETY** as the memorandum opinion of the court; **JUDGMENT** is **GRANTED** for defendants; and the clerk will close the case.  The clerk is directed to send copies of this order to the parties.

**ENTER:**   This __9th__ day of April, 2021.

_____
Senior United States District Judge